UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN L. KENSEY (#94494 )

VERSUS                                               CIVIL ACTION

PAROLE BOARD                                         NUMBER 11-698-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 1, 2011.

                                                    _____
                                                    **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN L. KENSEY (#94494 )

VERSUS                                                              CIVIL ACTION

PAROLE BOARD                                                NUMBER 11-698-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Richwood Correctional Center, Richwood, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against unidentified members of the Parole Board. Plaintiff alleged that he was denied parole in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes.

*Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he was given a Parole Board hearing on April 7, 2002, July 26, 2004, September 11, 2006, October 11, 2008 and January 11, 2011. Plaintiff alleged that in each instance the Parole Board denied him parole based in part on the serious nature of the offense.

Members of the Louisiana Board of Parole are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *See Walter v. Torres*, 917 F.2d 1379, 1380 (5th Cir.1990) *citing Farrish v. Mississippi State Parole Bd.*, 836 F.2d 969, 974 (5th Cir.1988)(parole board members have absolute immunity when acting in specific cases and deciding whether to grant, deny or revoke parole).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on December 1, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**